MAJORS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-116-CR

JOE CARL MAJORS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Joe Carl Majors attempts to appeal his conviction for burglary of a habitation.  On May 2, 2001, Appellant pleaded guilty to this offense, and was placed on deferred adjudication community supervision for ten years.  On October 23, 2002, the State filed a petition to adjudicate which was heard on December 16, 2002.  On that date, the court revoked Appellant’s community supervision, adjudicated him guilty of the offense, and sentenced him in open court to five years’ confinement.  We dismiss the appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within 30 days after the date sentence is imposed, or within 90 days after the date sentence is imposed if the defendant files a 
timely
 motion for new trial.  
Tex. R. App. P. 26.2. 
 Appellant’s sentence was imposed on December 16, 2002.  Although Appellant filed a motion for new trial on March 14, 2003, this motion was untimely.  
See
 
Tex. R. App. P. 21.4
(a).  Therefore, the untimely filing of Appellant’s motion for new trial did not operate to extend the appellate deadline for filing Appellant’s notice of appeal, which was due January 15, 2003, but was filed March 18, 2003.  

On April 9, 2003, we notified Appellant of the apparent untimeliness of the notice of appeal and stated we would dismiss the appeal unless we received a response showing grounds for continuing the appeal.  
See
 
Tex. R. App. P. 
44.3.  Appellant’s pro se response does not show grounds for continuing the appeal.

Because Appellant’s notice of appeal was untimely, we have no jurisdiction over this appeal.  
See Olivo v. State
, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996); 
see also Slaton v. State
, 981 S.W.2d 208, 209-10 (Tex. Crim. App. 1998).  Accordingly, we dismiss this appeal for want of jurisdiction.   

PER CURIAM

PANEL D: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 22, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.